EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

LAWRENCE L. TONG
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00128 SOM |
|---|---|---|
| | ) | |
| | ) | SUPERSEDING INDICTMENT |
| Plaintiff, | ) | |
| | ) | 18 U.S.C. §§ 1029, 1028, 474 |
| vs. | ) | [Access Device Fraud, False |
| | ) | Identification Documents |
| | ) | and Counterfeiting] |
| CRAIG T. AOKI, | ) | 42 U.S.C. § 408 |
| | ) | [Misuse of Social Security |
| | ) | Numbers] |
| Defendant. | ) | |

SUPERSEDING INDICTMENT

COUNT 1

The Grand Jury charges:

From on or about November 28, 2001 through on or about November 29, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, JC Penney retail card account #242-039-914-5, issued in the name of John L., to obtain goods and services

having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 2

The Grand Jury further charges:

On or about November 29, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Sears Premier credit card account #00-53699-12847-5, issued in the name of John L., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 3

The Grand Jury further charges:

On or about December 1, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Zales Diamond card account #6035-2510-4229-1638, issued in the name of John L., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

COUNT 4

The Grand Jury further charges:

From on or about December 6, 2001 through on or about December 8, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use unauthorized access devices, namely, CitiFinancial charge account #989014-5, and Banana Republic charge account #6018-5900-5147-7302, both of which were issued in the name of John L., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

COUNT 5

The Grand Jury further charges:

On or about December 4, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Sears Plus account #11-50118-77935-6, issued in the name of Therese D., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 6

The Grand Jury further charges:

On or about December 13, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Sears Plus card account #11-50117-90060-7, issued in the name of Gerald H., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 7

The Grand Jury further charges:

From on or about December 14, 2001 through on or about December 16, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, JC Penney retail card account #242-040-772-4-1, issued in the name of Gerald H., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

COUNT 8

The Grand Jury further charges:

On or about December 15, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, a CitiFinancial Credit Services account issued through Chock's T.V. and Appliance, Ltd., and in the name of Gerald H., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

COUNT 9

The Grand Jury further charges:

From on or about December 15, 2001 through on or about December 16, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Zales Diamond card account #6035251042579149, issued in the name of Gerald H., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 10

The Grand Jury further charges:

On or about December 16, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Sears Plus card account #11-50116-94832-6, issued in the name of Gerald H., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 11

The Grand Jury further charges:

From on or about December 19, 2001 through on or about December 20, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, RadioShack Answer Plus card account #7738-502-26796-4, issued in the name of Gerald H., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 12

The Grand Jury further charges:

On or about December 23, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Zales Diamond card account #6035-2510-4280-9611, issued in the name of Darryl P., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 13

The Grand Jury further charges:

From on or about December 23, 2001 through on or about December 24, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, GE Capital Cons account #5046-6201-0769-2543, issued in the name of Darryl P., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 14

The Grand Jury further charges:

From on or about December 23, 2001 through on or about December 24, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, RadioShack AnswerPlus account #0007-7385-0233-9730 and account #0007-7382-0720-4016, issued in the name of Darryl P., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 15

The Grand Jury further charges:

On or about December 27, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Honda Power Equipment charge account #5436-9300-1295-4682, issued in the name of Darryl P., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

COUNT 16

The Grand Jury further charges:

On or about December 26, 2001, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Sears Plus card account #11-50123-05539-6, issued in the name of Darryl P., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

COUNT 17

The Grand Jury further charges:

In or about January 2002, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Providian Visa card #4559-9645-0110-2374, issued in the name of Darryl P., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

COUNT 18

The Grand Jury further charges:

From on or about January 31, 2002 through on or about February 4, 2002, in the District of Hawaii, CRAIG T. AOKI did

knowingly, and with intent to defraud, use an unauthorized access device, namely, RadioShack Answer Plus card account #0007-7381-3933-0813, issued in the name of David M., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

### COUNT 19

The Grand Jury further charges:

From on or about January 24, 2002 through on or about January 31, 2002, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Lowe's credit card account #826-7512-001931-2, issued in the name of David M., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

### COUNT 20

The Grand Jury further charges:

On or about January 30, 2002, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, CitiFinancial charge account #917751-9, issued in the name of David M., to obtain

goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 21

The Grand Jury further charges:

In or about February 2002, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, Good Year Tire credit card account #7753-0121-4719-3188, issued in the name of David M., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

## COUNT 22

The Grand Jury further charges:

On or about February 12, 2002, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, use an unauthorized access device, namely, AT&T Platinum account # 5491-1300-2093-2422, issued in the name of Joshua F., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(a)(2).

COUNT 23

The Grand Jury further charges:

From on or about February 12, 2002 through on or about February 13, 2002, in the District of Hawaii, CRAIG T. AOKI did knowingly, and with intent to defraud, attempt to use an unauthorized access device, namely, American Express account #3715-251681-31008, issued in the name of Joshua F., to obtain goods and services having a value of more than $1,000, thereby having an effect on interstate commerce.

In violation of Title 18, United States Code, section 1029(b)(1).

COUNT 24

The Grand Jury further charges:

From on or about November 28, 2001 through on or about April 12, 2002, CRAIG T. AOKI did knowingly possess, with intent to use and transfer unlawfully, in and affecting interstate commerce, five or more false identification documents, namely, counterfeited Hawaii drivers licenses, including licenses bearing the names of Gerald H., David M., John L., Darryl P., and Therese D.

In violation of Title 18, United States Code, section 1028(a)(3).

## COUNT 25

The Grand Jury further charges:

On or about April 12, 2002, in a personal computer at his residence, within the District of Hawaii, CRAIG T. AOKI did, with intent to defraud, make, execute, acquire, scan and capture, and have in his control, custody and possession, analog, digital and electronic images of obligations of the United States, namely, computer generated images of genuine Federal Reserve Notes.

In violation of Title 18, United States Code, section 474.

## COUNT 26

The Grand Jury further charges:

On or about December 15, 2001, in the District of Hawaii, at Chock's T.V. and Appliance, for the purpose of obtaining something of value, CRAIG T. AOKI did, with intent to deceive, falsely represent a number to be the social security account number assigned to him, when in fact, and as he then well knew, the number belonged to Gerald H.

\\\
\\\
\\\
\\\
\\\

In violation of Title 42, United States Code, section 408(g)(2).

Dated:  Honolulu, Hawaii, October 23, 2002.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

_____
LAWRENCE L. TONG
Assistant U.S. Attorney

<u>United States v. Craig T. Aoki</u>
"Superseding Indictment"
Cr. No. 02-00128 SOM